UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



FILED
NOV 3 0 2010
CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

| | |
|---|---|
| In re:<br><br>SUSAN KAY YATES,<br><br>    Debtor.<br>_____/ | Case No. 6:10-bk-07095-ABB<br>Chapter 7 |
| In re:<br><br>WALTER JOSEPH YATES,<br><br>    Debtor.<br>_____/ | Case No. 6:10-bk-07146-ABB<br>Chapter 7 |
| EMERSON C. NOBLE, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>SUSAN KAY YATES,<br><br>    Defendant.<br>_____/ | Adv. Pro. No. 6:10-ap-00168-ABB |
| LEIGH R. MEININGER, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>WALTER JOSEPH YATES,<br><br>    Defendant.<br>_____/ | Adv. Pro. No. 6:10-ap-00205-ABB |

## MEMORANDUM OPINION

This matter came before the Court on the Complaints (Doc. Nos. 1) filed by the Trustees/Plaintiffs Emerson C. Noble and Leigh Richard Meininger (collectively,

"Plaintiffs") against the Debtors/Defendants Susan Kay Yates and Walter Joseph Yates (collectively, "Debtors") seeking denial of the Debtors' discharges pursuant to 11 U.S.C. Section 727(a). The final evidentiary hearing was held on November 3, 2010 at which the Debtors, their counsel, and counsel for the Plaintiffs appeared.

Judgment is due to be entered in favor of the Debtors for the reasons set forth herein. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Debtors were married for several years and separated in 2008. Mrs. Yates suffers from severe degenerative arthritis of the spine and Mr. Yates returned to Florida from Tennessee to live with and care for Mrs. Yates in their home located in Umatilla, Florida. Mrs. Yates has undergone two neck surgeries since 2008, with a third surgery upcoming, and is required to wear a neck brace.

Mrs. Yates was a teacher for special needs children in the Lake Hills School District in Tavares, Florida for eighteen years. She, due to her neck condition, reduced her work schedule to half days in August 2009 and resigned in October 2010. Her driving commute to work was substantial, taking more than an hour.

Mrs. Yates' sole source of income currently is Social Security benefits. She is attempting to obtain retirement benefits from the Lake Hills School District. Mr. Yates is employed part-time as a school bus driver with the Lake County School District and earns approximately $1,300.00 per month. He receives Social Security benefits of $887.00 per month.

The Debtors, through their counsel Christopher Shipley ("Counsel"), filed separate individual bankruptcy cases on April 28, 2010 ("Petition Date"). Plaintiffs filed Complaints objecting to the Debtors' discharges asserting the Debtors: (i) traded in a Toyota Prius with the intent to hinder, delay and defraud their creditors; and (ii) they failed to disclose vehicle ownership and lien information in their bankruptcy papers.

### *Prius Trade-in:*

The Debtors, prepetition, jointly owned a 2007 Toyota Prius unencumbered by any liens. They traded in the 2007 Prius for a 2010 Prius within one year of the Petition Date on March 9, 2010. The purchase price of the 2010 Prius was $29,496.00 and they obtained a trade-in credit of $13,000.00 for the 2007 Prius.[1] They financed the balance of the purchase price with a loan of $21,858.03 from Bank of America. Bank of America holds a purchase money security interest in the 2010 Prius. The Debtors jointly own the 2010 Prius and are joint obligors of the Bank of America secured debt.

The Debtors consulted with Counsel prior to the Prius trade-in. They filed separate bankruptcy cases, through the assistance of Counsel, on April 28, 2010. Mrs. Yates: (i) listed in Schedule B the 2010 Prius as an asset owned by her individually with a value of $21,042.00; (iii) listed Bank of America as a secured creditor in Schedule D in the amount of $22,107.00; and (iii) disclosed the Prius trade-in and purchase in her Statement of Financial Affairs.[2]

---

[1] Pls' Ex. 9.
[2] Pls' Exs. 2, 4, 6.

Mr. Yates did not: (i) list the 2010 Prius as an asset in Schedule B; (ii) list Bank of America as a secured creditor in Schedule D; or (iii) disclose the Prius trade-in in his Statement of Financial Affairs.[3]

Plaintiffs assert the Debtors, with the intent to hinder, delay and defraud their creditors, utilized the value of the unencumbered 2007 Prius to obtain the 2010 Prius, which has little or no equity. Plaintiffs assert Mr. Yates knowingly and fraudulently made false oaths in his bankruptcy papers by failing to disclose his ownership interest in the 2010 Prius and the trade-in of the 2007 Prius.

The Debtors testified their bankruptcy filings were caused by Mrs. Yates' mounting medical debts and loss of income due to her employment resignation. Her insurance only partially covered her medical costs. Mr. Yates had attempted to pay some of the debts and their regular living expenses, but his income was insufficient.

Mrs. Yates was working full time when the Debtors traded in the 2007 Prius and needed a dependable vehicle for the long commute. They traded in the 2007 Prius for the 2010 Prius to obtain a vehicle with less mileage and more dependability. Mrs. Yates has limited mobility in her neck and the 2010 Prius has a sensor that allows her to back up without turning her neck.

The Debtors believed Mrs. Yates owned the 2007 Prius and the 2010 Prius individually. Mrs. Yates drove the vehicles exclusively and the Debtors treated the vehicles as her individual property. The Debtors were not aware the Certificates of Title for the vehicles named them as joint owners. They were not aware Mr. Yates was jointly liable for the Bank of America debt. He had accompanied Mrs. Yates to the Toyota dealership to help her with the trade-in process. Mr. Yates executed Purchase Agreement

---

[3] Id.

for the 2010 Prius, but the Debtors did not understand his execution of that document made him a co-buyer and debt obligor.

The Debtors' testimony was credible. Their reasons for trading in the 2007 Prius were valid. The Prius trade-in was not motivated by any fraudulent intent. They had consulted with bankruptcy counsel, but had not decided whether to file for bankruptcy protection when they traded in the Prius. The trade-in value of $13,000.00 for the 2007 Prius was reasonable based upon the NADA guide valuation.

The Debtors' disclosures in their Schedules and Statement of Financial Affairs are consistent with their beliefs regarding the vehicles. They completed their bankruptcy papers based upon their mistaken beliefs Mrs. Yates owned the vehicles individually and Mr. Yates was not a loan obligor. They completed their bankruptcy papers to the best of their abilities and their erroneous disclosures were unintentional. They filed amended Schedules and Statements to correct their unintentional errors and omissions.

The Debtors did not trade in the 2007 Prius with the intent to hinder, delay or defraud their creditors. They made no fraudulent statements or fraudulent material omissions in their bankruptcy papers. Plaintiffs did not establish a basis for a denial of the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(2)(A) or Section 727(a)(4)(A).

### *1949 Ford Sedan:*

Mr. Yates listed in his Schedules he owns individually a 1949 Ford Flathead Custom Four-door Sedan ("Ford") valued at $4,650.00 which is encumbered by a lien in the amount of $5,000.00 held by Janet Armstrong Warren ("Warren").[4] The Ford's Certificate of Title names the Debtors as joint owners of the Ford and Warren as the

---

[4] Pls' Exs. 2, 4, 11.

lienholder as of March 9, 2010.[5] Mr. Yates did not disclose the placement of the lien against the Ford in his Statement of Financial Affairs.

Plaintiffs allege Mr. Yates' discharge is due to be denied pursuant to 11 U.S.C. Section 727(a)(2)(A) because he caused the lien to be placed on the Ford within one year of the Petition Date and such transfer was made with the intent to hinder, delay, and defraud his creditors. Plaintiffs allege Mr. Yates' discharge is due to be denied pursuant to 727(a)(4)(A) because he did not disclose the joint ownership of the Ford in his Schedules and the creation of the lien in his Statement of Financial Affairs.

Mr. Yates purchased the Ford in 2008 for approximately $7,000.00. The Debtors testified they believed when they filed their bankruptcy papers Mr. Yates owned the Ford individually. The vehicle was in good condition when he purchased it, but it is in poor condition now with a sizable dent in the rear passenger door. Mr. Yates estimates the Ford has a current value of $3,000.00 to $5,000.00.

Mr. Yates borrowed $5,000.00 from Warren, a personal friend, in March of 2010 and he granted her a lien interest in the Ford to secure the loan. Their loan agreement was not formalized in writing. Mr. Yates used the loan funds for living expenses.[6] Mr. Yates disclosed Warren's lien interest in Schedule D, but did not disclose the creation of the lien in his Statement of Financial Affairs. He explained his failure to disclose the lien transaction in his Statement of Financial Affairs was an unintentional oversight.

The Debtors' testimony was credible. Mr. Yates completed his Schedules and Statements to the best of his abilities. His failures to accurately list the joint ownership of the Ford in his Schedules and the lien transaction in his Statements were unintentional.

---

[5] Pls' Ex. 10.
[6] Ds' Exs. 3, 4.

He has filed amended Schedules and Statements accurately disclosing the Ford's ownership and lien information.

Mr. Yates did not grant Warren a lien interest in the Ford with the intent to hinder, delay or defraud his creditors. He made no fraudulent statements or fraudulent material omissions in his Schedules or Statements. Plaintiffs did not establish a basis for a denial of Mr. Yates' discharge pursuant to 11 U.S.C. Section 727(a)(2)(A) or Section 727(a)(4)(A).

The Debtors are entitled to discharges. Judgment is due to be entered in favor of the Debtors and against Plaintiffs.

## CONCLUSIONS OF LAW

Plaintiffs seek denial of the Debtors' discharges pursuant to 11 U.S.C. Sections 727(a)(2)(A) and (a)(4)(A). Objections to discharge are strictly construed against the objecting party and liberally in favor of the debtor. Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986). "[T]he reasons for denying a discharge must be real and substantial, not merely technical and conjectural." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994).

Section 727(a) of the Bankruptcy Code sets forth the Debtor shall be granted a discharge unless certain abuses have been committed by him. A discharge will be denied where:

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
>> (A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A). Section 727(a)(4)(A) provides the Court shall grant the debtor a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

Plaintiffs bear the significant burden of establishing actual fraudulent intent. Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 306 (11th Cir. 1994) (*citing* Wines v. Wines (In re Wines), 997 F.2d 852, 856 (11th Cir. 1993)). Grounds for the denial of a discharge do not exist where a debtor completes his bankruptcy papers to the best of his abilities and attempts to be complete and accurate. In re Burns, 395 B.R. 756, 769 (Bankr. M.D. Fla. 2008). "Discharge may not be denied where the untruth was the result of mistake or inadvertence." Keefe v. Rudolph (In re Rudolph), 233 Fed. Appx. 885, 889 (11th Cir. 2007) (*citation omitted*).

The Debtors did not trade in the 2007 Prius for the 2010 Prius with the intent to hinder, delay or defraud their creditors. Mrs. Yates needed a newer more dependable car with features to assist her with her neck condition. The Debtors received a fair trade-in value for the 2007 Prius. Their reasons for trading in the 2007 Prius for the 2010 Prius were legitimate.

The Debtors completed their Schedules and Statements to the best of their abilities and recollections. They tried to be complete and accurate. They completed their bankruptcy papers based upon their understanding Mrs. Yates owned the Toyotas and Mr. Yates owned the Ford. Mr. Yates disclosed Warren's lien interest in the Ford in Schedule D, but forgot to disclose the lien transaction in his Statement of Financial Affairs. When the Debtors learned they had made errors in their bankruptcy papers, they corrected those errors by filing amended Schedules and Statements.

Plaintiffs did not establish a basis for a denial of the Debtors' discharges pursuant to 11 U.S.C. Section 727(a)(2)(A) or Section 727(a)(4)(A). The Debtors sought bankruptcy protection to obtain a fresh start. They filed their cases in good faith and have acted in good faith throughout. They are honest debtors who are each entitled to a fresh start.

A separate judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 30th day of November, 2010.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge